UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KATHY JEAN BUTLER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:10-233-JMH |
| | ) |
| v. | ) |
| | ) |
| | ) |
| GOSS INTERNATIONAL | ) **MEMORANDUM OPINION AND ORDER** |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint which was originally filed in Boyle Circuit Court [DE 1]. In that Complaint, Plaintiff avers that "she sustained significant injuries to her arm" and that she is:

> . . . entitled to recover damages . . . for personal injuries; specifically, past and future pain, suffering and mental anguish; past and future medical expenses; other compensable special damages; permanent injury, past and future lost wages and the dimunution of her ability to earn income in the future; and inconvenience and loss of enjoyment of life, all of which exceed the minimal jurisdictional limits of [the Boyle Circuit Court.][1]

[DE 1-4 at 5-6.] Plaintiff does not specify an amount of damages sought

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, meaning that the amount in controversy must exceed $4,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010 and 24A.120.

or otherwise indicate that the relief she seeks is in excess of $75,000.

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (defendant offered "mere averments," not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In the case at bar, Plaintiff avers that she suffered injury due to an allegedly defective and unreasonably dangerous condition of an offset press system manufactured, produced, distributed and/or sold by Defendants. In their Notice of Removal, Defendant Goss International Americas, Inc., relies solely on the averments of Plaintiff's Complaint

in an attempt to demonstrate the requisite amount-in-controversy, stating that "[g]iven the serious nature of the alleged injuries and broad scope of damages sought, there is a good faith basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs." [DE 1 at 4.] This is not enough, and, unless Defendants can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Boyle Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** on or before **August 11, 2010** why this matter should not be remanded to Boyle Circuit Court.

This the 28th day of July, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge